IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDY W.,[1]

               Plaintiff,

       v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

               Defendant.

Case No. 3:22-cv-00237-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

       This matter comes before the Court on Brandy W.'s ("Plaintiff") motion for attorney's

fees under 42 U.S.C. § 406(b).[2] The parties have consented to the jurisdiction of a magistrate

judge under 28 U.S.C. § 636(c). For the reasons explained below, the Court grants Plaintiff's

motion.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] The Court refers at times to Plaintiff but notes that in this context, Plaintiff's attorney is the real party in interest. *See Lane v. Saul*, 831 F. App'x 845, 846 (9th Cir. 2020) (noting that the claimant's "attorney and real party in interest" appealed the district court's order for fees under § 406(b)).

PAGE 1 – OPINION AND ORDER

**BACKGROUND**

On February 14, 2022, Plaintiff filed this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. (ECF No. 1.) After Plaintiff filed her opening brief, the parties stipulated to a remand for further proceedings. (ECF No. 15.) The Court entered an Order of Remand and Judgment on October 27, 2022. (ECF Nos. 16-17.)

On November 22, 2022, the Court granted Plaintiff's unopposed motion for $5,000.18 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[3] (ECF No. 21.) On October 11, 2023, after Plaintiff prevailed on the merits of her claim of disability at the administrative level, Plaintiff filed the present motion for attorney's fees under § 406(b). (ECF No. 22.)

**LEGAL STANDARDS**

**I.    STATUTORY MAXIMUM**

"For judicial proceedings, § 406(b)(1) provides that a federal court that 'renders a judgment favorable to a claimant . . . who was represented before the court by an attorney' may grant the attorney 'a reasonable fee for [that] representation[.]'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting 42 U.S.C. § 406(b)(1)(A)). If the court grants a fee request under § 406(b), the "award is paid directly out of the claimant's benefits," and must "not [be] in excess of [twenty-five] percent of the total of the past-due benefits to

---

[3] Plaintiff also received an EAJA fee award of $7,312.13 during her first appeal. *See Brandy W. v. Comm'r Soc. Sec. Admin.*, No. 3:19-cv-00788-AC (D. Or. Mar. 9, 2021), ECF No. 20.

which the claimant is entitled by reason of [the court's] judgment.'" *Id.* (quoting 42 U.S.C.

§ 406(b)(1)(A)).

Notably, "[b]ecause attorneys who accepted an award under [the EAJA] in excess of the

§ 406(b)(1) cap could be subject to criminal sanctions under § 406(b)(2), Congress amended the

EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both

§ 406(b) and [the EAJA]."[4] *Id.* at 1218. The savings provision seeks to "maximize the award of

past-due benefits to claimants and . . . avoid giving double compensation to attorneys, [and

therefore] requires a lawyer to offset any fees received under § 406(b) with any award that the

attorney receives under [the EAJA] if the two were for the 'same work.'" *Id.* (citing *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796 (2002)). Although the savings provision states that "the claimant's

attorney [must refund] to the claimant the amount of the smaller fee," *id.* (simplified), the Ninth

Circuit has held that a district court may offset or deduct EAJA fee awards from the § 406(b)

award.

Indeed, in *Parrish*, the Ninth Circuit assessed whether the claimant's attorney

"'receive[d] fees for the same work' under the EAJA and SSA for the two appeals he undertook

for [the claimant]." *Id.* at 1217. During the first appeal, the district court remanded the case for

further proceedings and awarded the attorney "$5,000 in attorneys' fees pursuant to the EAJA."

*Id.* at 1218-19. After an unfavorable agency decision on remand, the same attorney represented

the claimant during a second appeal. *Id.* at 1219. After remanding the case for an award of

benefits, the district court awarded the attorney "an additional $6,575 [in EAJA fees], bringing

---

[4] Unlike § 406(b) fees, which a claimant pays directly out of his benefits, the "EAJA requires the government to pay the fees and expenses of a 'prevailing party' unless the government's position was 'substantially justified.'" *Parrish*, 698 F.3d at 1218 (quoting 28 U.S.C. § 2412(d)(1)(A)). Courts award EAJA fees at "intermediate stage[s] in a Social Security case[.]" *Id.*

the total award to $11,575 in EAJA fees." *Id.* The attorney later sought "$9,059.89 in [§ 406(b)]

fees, equating to the statutory maximum of [twenty-five] percent of the past-due benefit

award[.]" *Id.* The attorney "conceded that the savings provision required the [district] court to

deduct the second EAJA award of $6,575 from his § 406(b) fees and thus sought payment of

only $2,484.89." *Id.* The district court disagreed and instead "held that the savings provision

required it to deduct the first EAJA award of $5,000, as well as the second award of $6,575, from

the § 406(b) fees." *Id.* Given that the combined "EAJA award of $11,575 was greater than the

§ 406(b) award of $9,059.89, the [district] court declined to make any further award to [the

attorney]." *Id.*

Before the Ninth Circuit, the attorney argued that the district court erred in "deducting"

his first EAJA fee award from his § 406(b) award of twenty-five percent of the claimant's past-

due benefits because his first EAJA and § 406(b) awards were not for the "same work." *Id.* The

Ninth Circuit disagreed and explained that "[u]nder [§ 406(b)'s] plain language, a federal court

may consider an attorney's representation of the client throughout the case in determining

whether a fee award is reasonable," and to hold otherwise would mean that "a claimant could

end up paying more than [twenty-five] percent of past-due benefits in federal court attorneys'

fees, a result that would thwart the . . . intent of Congress to prevent attorneys '[c]ollecting or

even demanding from the client anything more than the authorized allocation [twenty-five

percent] of past-due benefits[.]'" *Id.* at 1220 (quoting *Gisbrecht*, 535 U.S. at 795). The Ninth

Circuit thus held that the district court did not err in offsetting the EAJA awards against the

§ 406(b) award:

> We therefore hold that if a court awards attorney fees under [the EAJA]
> for the representation of a Social Security claimant on an action for past-due
> benefits, and also awards attorney fees under § 406(b)(1) for representation of the
> same claimant in connection with the same claim, the claimant's attorney

'receives fees for the same work' under both [the EAJA] and § 406(b)(1) for purposes of the EAJA savings provision. The district court is well positioned to implement § 406(b)'s requirements. Where the same attorney represented a claimant at each stage of judicial review, *the court need merely offset all EAJA awards against the § 406(b) award*. But even in circumstances where a claimant has more than one attorney at different appeals, district courts would have ample discretion to apportion fees equitably under § 406(b)(1), and apply the offset as appropriate to those attorneys who received both § 406(b)(1) and EAJA awards.

> . . . .

> We now apply these principles here. [The attorney] represented [the claimant] in all proceedings before the district court in connection with her claim, and the district court awarded [the attorney twenty-five] percent of [the claimant's] past-due benefits award as a reasonable fee for that representation. [The attorney] received the $5,000 award under [the EAJA] for his representation of [the claimant] on her first appeal. Accordingly, the $5,000 award under EAJA was for the 'same work' as the work for which [the attorney] received the § 406(b)(1) award, and therefore *the district court correctly offset the $5,000 from the [twenty-five] percent award*.

*Id.* at 1221 (emphasis added).

## II.    REASONABLENESS TEST

Section 406(b) provides that "the fee must not exceed [twenty-five percent] of the past-due benefits awarded," but it "does not specify how courts should determine whether a requested fee is reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 800). Addressing this issue, the Supreme Court "held that a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 793, 808). The Supreme Court "noted that courts that had followed this model had 'appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Consistent with this approach, "[a] fee resulting from a contingent-fee agreement is unreasonable, and thus subject to

reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Id.* (quoting *Gisbrecht*, 535 U.S. 808).

If the district court determines that the fee request is unreasonable and subject to reduction, "it must provide 'a concise but clear explanation of its reasons for the fee award.'" *Id.* at 1152 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016). Notably, "where the district court awards a substantially reduced fee, it must 'articulate[] its reasoning with more specificity[.]'" *Crawford*, 586 F.3d at 1152 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)); *see also Moreno*, 534 F.3d at 1112 ("[T]he district court can impose a small reduction, no greater than [ten] percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation."); *Davis v. Colvin*, No. 3:09-cv-00649-AC, 2015 WL 268950, at *3 (D. Or. Jan. 20, 2015) ("[T]he court will exercise its discretion and apply a ten percent 'haircut' to [the § 406(b)] fees.").

## DISCUSSION

Plaintiff's attorney seeks $28,082.23 in fees under § 406(b) fees, and "bears the burden of establishing that the fee sought is reasonable." [5] *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*,

---

[5] Plaintiff's attorney submitted filings, including proposed orders, wherein she incorrectly sought "$28,882.22" in § 406(b) fees. (*See* ECF No. 22-1 at 1; ECF No. 26 at 2; ECF No. 26-1 at 1.) This is a typographical error. The correct amount is $28,082.23. (*See* ECF No. 23 at 13, "We cannot withhold more than [twenty-five] percent of [the] past-due benefits [award] to pay an authorized fee. We withheld $28,082.23 from your past-due benefits [award] to pay the representative.").

535 U.S. at 807). As explained below, Plaintiff's attorney has established that the fee sought is reasonable.

In accordance with *Gisbrecht* and *Crawford*, the Court begins its § 406(b) fee determination by looking first to the contingent-fee agreement. "Contingent-fee . . . agreements providing for fees of [twenty-five percent] of past-due benefits have . . . become the 'most common fee arrangement between attorneys and Social Security claimants.'" *Crawford*, 586 F.3d at 1147-48 (quoting *Gisbrecht*, 535 U.S. at 800). Consistent with this common practice in Social Security cases, Plaintiff's contingent-fee agreements specify that her attorney's fees cannot exceed twenty-five percent of any past-due benefits award. (ECF No. 23 at 4-7.) The Social Security Administration's ("SSA") Notice of Award reflects that the SSA awarded Plaintiff $112,328.90 in past-due benefits, and withheld twenty-five percent ($28,082.23) of those benefits. (*Id.* at 11, 13.) It is therefore evident that the requested fee is within the statutory maximum.

Having looked first to the contingent-fee agreement, the Court must now "test[] it for reasonableness." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). As the Ninth Circuit has explained, "[a]lthough *Gisbrecht* did not provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the [Supreme] Court directed the lower courts to consider 'the character of the representation and the results the representative achieved.'" *Id.* at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). Thus, a "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808).

///

PAGE 7 – OPINION AND ORDER

A court should also "look at the complexity and risk involved in the specific case at issue to determine how much risk the [attorney] assumed in taking the case." *Id.* at 1153. In *Crawford*, for example, the Ninth Circuit held that the requested fees were reasonable and noted that the "attorneys assumed significant risk in accepting the[] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id.* Relevant to the issue of complexity, the Ninth Circuit has stated that "the term 'routine' is a bit of a misnomer [in the] social security disability [context because the cases] are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) (per curiam).

Considering the factors described above, the Court finds that the fees requested are reasonable and no downward adjustment is necessary here. Plaintiff's attorney achieved an excellent result (a stipulated remand for further proceedings). *See Wallace v. Kijakazi*, No. 3:20-cv-01189-SI, 2023 WL 3605603, at *2 (D. Or. Apr. 5, 2023) (making the same finding regarding "a stipulated remand for further proceedings"). There was also no delay attributable to Plaintiff's attorney (she did not request any extensions of time), and her representation of Plaintiff was professional.

Furthermore, the fees requested ($28,082.23) would not result in a windfall to Plaintiff's attorney, who (1) assumed the risk of long delays and that the SSA would not award benefits to Plaintiff, and (2) spent 21.6 hours on this appeal (ECF No. 18 at 3-6), which produces an effective hourly rate of approximately $1,300.00.[6] *See Wascovich v. Comm'r of Soc. Sec.*, No.

---

[6] If the Court factors in the 35.40 hours that Plaintiff's attorney spent on the first appeal, which she filed over four years ago on May 21, 2019, her effectively hourly rate would be $492.67.

2:20-cv-01862, 2023 WL 1931020, at *2-3 (E.D. Cal. Feb. 10, 2023) (considering the hours

counsel spent on both appeals in calculating the effectively hourly rate, stating that even if the

court assumed that it was limited to the hours from one appeal, the effectively hourly rate of

$1,008.00 would still not result in a windfall given *Crawford*'s guidance, and noting that courts

have approved effective hourly rates in excess of $1,400.00); *see also Wallace*, 2023 WL

3605603, at *2 (noting that "effective hourly rates exceeding $1,000 have been approved in this

district").

In conclusion, the Court finds that the fees requested are reasonable and grants Plaintiff's

motion.

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's motion for attorney's fees under

§ 406(b) (ECF No. 22), and awards Plaintiff's attorney § 406(b) fees in the gross amount of

$28,082.23. Plaintiff's attorney must offset or deduct her EAJA fee awards ($7,312.13 and

$5,000.18, or $12,312.31 in total) from her § 406(b) award of $28,082.23. Thus, Plaintiff's

attorney is entitled to receive $15,769.92 in § 406(b) fees. The Court directs the Commissioner to

issue Plaintiff's attorney a § 406(b) check from the withheld benefits in the amount of

$15,769.92, less any applicable administrative assessment as allowed by statute.

**IT IS SO ORDERED.**

DATED this 3rd  day of November, 2023.

HON. STACIE F. BECKERMAN
United States Magistrate Judge